IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CLIMBING KITES LLC, and FIELD DAY BREWING COMPANY LLC, | Case No. 4:24-cv-00202-SMR-SBJ |
| Plaintiffs, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| STATE OF IOWA, IOWA DEPARTMENT OF HEALTH AND HUMAN SERVICES, and KELLY GARCIA, in her official capacity as the Director of the Iowa Department of Health and Human Services, | |
| Defendants. | |

On June 17, 2024, the above-captioned Plaintiffs filed a motion for preliminary injunction seeking an order prohibiting the enforcement of House File 2605 prior to its effective date of July 1, 2024. On an expedited briefing schedule, Defendants resisted the motion. A hearing on the matter was held on June 28, 2024, where counsel for Plaintiffs and Defendants presented their respective positions on the motion. After the hearing, the Court denied the motion. [ECF No. 25]. Shortly thereafter, Plaintiffs filed an Amended Complaint. [ECF No. 24]. They then filed a Motion for a Temporary Restraining Order. [ECF No. 26].

During the hearing, serious questions about the legal infirmities of HF 2605 were raised. These concerns were discussed during the hearing and noted in the order denying Plaintiffs' motion for preliminary injunction. [ECF No. 25]. They are reflected in Plaintiffs' Amended Complaint. Enforcement of this statute could bring these concerns to fruition across the state.

These concerns certainly warrant further examination soon, but they do not support a TRO. The express terms of Rule 65(b) contemplate that a TRO is issued without notice. Courts have also held that when notice has been provided, but there would not be time for the parties to adequately prepare for a hearing, a TRO may be issued. Wright & Miller, § 2951 Temporary Restraining Orders—In General, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.) (agreeing that it is sound judicial discretion for a court to do so when time constraints require). However, in this case not only was there time for a hearing, a hearing was in fact held on the Plaintiff's motion for preliminary injunction just this morning. At no time before that hearing did Plaintiffs plead a claim for a due process violation. Rather, Plaintiffs' motion for preliminary injunction was based on the claims raised in their initial complaint; the same grounds denied this afternoon by the Court. [ECF No. 25]. Plaintiffs cannot argue now they are entitled to this relief pending a more robust process. Plaintiffs failed to present these claims in their initial Complaint. As such, the Court does not find that these newly raised claims are appropriate grounds upon which to grant such extraordinary relief.

Accordingly, Plaintiffs' Motion for Temporary Restraining Order is DENIED. [ECF No. 26]. Plaintiffs' renewed Motion for Preliminary Injunction will proceed on the same briefing schedule as set in *HW Premium CBD, LLC v. Reynolds*, 4:24-cv-00210-SMR-SBJ. A combined hearing on the Motions for Preliminary Injunction will be held on July 11, 2024.

IT IS SO ORDERED.

Dated this 28th day of June, 2024.

                                                                                              _____
                                                                                              STEPHANIE M. ROSE, CHIEF JUDGE
                                                                                              UNITED STATES DISTRICT COURT