IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CLIMBING KITES LLC, and FIELD DAY BREWING COMPANY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF IOWA, IOWA DEPARTMENT OF HEALTH AND HUMAN SERVICES, and KELLY GARCIA, in her official capacity as the Director of the Iowa Department of Health and Human Services, <br><br> Defendants. | Case No. 4:24-cv-00202-SMR-SBJ <br><br> ORDER ON MOTION FOR PRELIMINARY INJUNCTION |

Plaintiffs Climbing Kites LLC and Field Day Brewing brought this case seeking to enjoin enforcement of a newly-enacted Iowa law regulating hemp-derived products containing THC. They initially argued that House File 2605 ("Hemp Amendments") was preempted by the Food Drug and Cosmetic Act as amended by the Nutrition Labeling and Education Act. A preliminary injunction on this ground was denied.

Plaintiffs soon filed an amended complaint alleging that the Hemp Amendments were unconstitutionally vague, following concerns raised by the Court during the June 28, 2024 hearing. After another injunction hearing was held July 11, 2024, combined with a companion case[1] raising similar challenges to the law, the Court directed the parties to submit additional briefing on issues that arose during the course of that proceeding.

---

[1] *HW Premium CBD, LLC, et. al v. Kim Reynolds, et. al,* 4:24-cv-00210-SMR-SBJ (S.D. Iowa June 25, 2024).

1

On July 17, 2024, the issue of vagueness—which centered in this case around the lack of a specific definition of "serving" as used in a potency provision of the Hemp Amendments—changed significantly when the Iowa Department of Health and Human Services ("Department") promulgated rules ("Final Rules") defining the term. The Final Rules were effective immediately under the Department's emergency authority. Accordingly, the statutory gaps that were identified previously are no longer extant.

## I. BACKGROUND

The Court has detailed the factual, statutory, and procedural background of this case previously. *See* [ECF No. 29] (Order denying Plaintiffs' Motion for Preliminary Injunction). For present purposes, only the events following the July 11, 2024 hearing will be summarized.

As already noted, the Department invoked its emergency authority to finalize the administrative rules governing the Hemp Amendments on July 17, 2024. *See* Iowa Code § 17A.4(3)(a); § 17A.5(2)(b). The Final Rules have only minor deviations from the draft rules that were noticed to the public on June 12. The provision of the Final Rules that is relevant here is the definition of "serving":

> [T]he size or portion customarily consumed per eating occasion, expressed in a common household measure as established in table 2 of 21 CFR 101.12 (as amended to July 17, 2024). If a solid consumable hemp product is packaged in a manner that includes more than a single serving, each serving must be clearly identified and severable from the other servings in the container. If a liquid consumable hemp product is packaged in a manner that includes more than a single serving, the number of servings must be conspicuously labeled. Liquid consumable hemp products shall be packaged in a container that holds a minimum of 12 fluid ounces.

Iowa Admin. Code r. 641–156.1. Plaintiffs manufacture and sell canned beverages which contain THC. Under the Hemp Amendments and the Final Rules, Plaintiffs are directed to the incorporated federal regulations to determine appropriate serving size.

## II. DISCUSSION

### A. Preliminary Injunction Standard

Preliminary injunctive relief is an extraordinary remedy that is not issued routinely or "as a matter of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (quoting *Munaf v. Green*, 553 U.S. 674, 689–90 (2008)). The main purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm until the court can make a final decision on the merits. *Ferry-Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589, 593 (8th Cir. 1984). "A plaintiff seeking a preliminary injunction bears the burden of showing that such extraordinary relief is warranted." *H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 946 (8th Cir. 2023) (citation omitted).

At this early stage of the case, the Court weighs four factors in determining whether to issue a preliminary injunction: (1) Plaintiffs' probability or likelihood of success on the merits of the claim; (2) the threat of irreparable harm or injury to Plaintiffs absent preliminary relief; (3) the balance of equities, weighing the harm suffered by Plaintiffs against the harm to Defendants that would result from issuing an injunction; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

Although no individual factor is dispositive, the Eighth Circuit has held that probability of success "is the most significant." *Sleep Number Corp. v. Young*, 33 F.4th 1012, 1016 (8th Cir. 2022) (citation omitted). When a party seeks to enjoin the enforcement of a duly enacted statute, they must show that they are "likely to prevail on the merits" of the claims. *Eggers v. Evnen*, 48 F.4th 561, 565 (8th Cir. 2022) (citation omitted). Courts apply a heightened standard in that circumstance "because the duly enacted state statute constitutes government action based on presumptively reasoned democratic processes, and such action is entitled to a higher degree of

deference and should not be enjoined lightly." *D.M. by Bao Xiong v. Minn. State High Sch. League*, 917 F.3d 994, 1000 (8th Cir. 2019) (cleaned up) (citation omitted). The heightened standard is applied not only to statutes but also regulations. *Sleep Number Corp.*, 33 F.4th at 1016 ("[T]he more-likely-than-not standard is reserved for injunctions against the enforcement of statutes and regulations[.]") (citation omitted). The Eighth Circuit has held that the likely to prevail on the merits standard applies when "a preliminary injunction is sought to enjoin the *implementation* of a duly enacted state statute." *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008) (en banc) (emphasis added).

A plaintiff is not required to establish with absolute certainty that irreparable harm will occur, but it must show that "irreparable injury is likely in absence of an injunction." *Winter*, 555 U.S. at 22. Failure to show irreparable harm is an "independently sufficient basis upon which to deny a preliminary injunction." *Sessler v. City of Davenport*, 990 F.3d 1150, 1156 (8th Cir. 2021) (citation omitted). When balancing the equities of a preliminary injunction courts weigh "the threat of irreparable harm shown by the movant against the injury that granting the injunction" will cause to the other party's litigant. *MPAY Inc. v. Erie Custom Comp. Applications, Inc.*, 970 F.3d 1010, 1020 (8th Cir. 2020) (cleaned up) (citation omitted).

### B. Preliminary Injunction Analysis

The analysis for Plaintiffs' Motion for Preliminary Injunction begins and ends with the likelihood of success on the merits. They argue that the Hemp Amendments are unconstitutional because they are vague and therefore void.

The Fifth Amendment and the Fourteenth Amendment "guarantee[] every citizen the right to due process," which includes the "concept that vague statutes are void." *United States v. Birbragher*, 603 F.3d 478, 484 (8th Cir. 2010). A statute is void for vagueness if it fails to

sufficiently define a criminal offense so that "ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (citation omitted).  Statutes must not involve "wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings."  *Holder v. Humanitarian Law Project*, 561 U.S. 1, 20 (2010).  A law provides "objective standards" if it "establish[es] minimal guidelines to govern law enforcement." *Gonzalez v. Carhart*, 550 U.S. 124, 150 (2007).

Now that the Final Rules have been promulgated and are in effect, there is no longer a viable argument that "serving" as set forth in the Hemp Amendments is an unconstitutionally vague term.  The above-quoted Rule clearly notices Plaintiffs of the relevant standard.  In fact, this is the serving size currently on their products, as Plaintiffs acknowledged during the June 28, 2024 hearing.  [ECF No. 30 at 16–17].  The Department represents in its most recent filing that since the July 11, 2024 hearing, it has processed all product submissions between July 1 and July 17, 2024.  [ECF No. 43-1 ¶ 46].

Plaintiffs' filing after the implementation of the Final Rules does not dispute that the Rules add the detail that had been lacking previously.  However, they insist that the administration of the program has not been consistent.  They point out that the information requested by the Department through its online portal is not sufficient to allow non-arbitrary enforcement of the law.  Plaintiffs contend they are "entitled to greater clarity" because the Final Rules "require one baseline of information, and its administrative processes another."  [ECF No. 44 at 2].

Notwithstanding Plaintiffs' complaints about the rollout and administration of the law— issues which the Court echoed in multiple hearings—there is nothing to establish that the Hemp Amendments violate Plaintiffs' due process rights under the United States Constitution.  The

constitutional standard to invalidate a law is incredibly high. The test for a due process violation is not whether a law is ambiguous, confusing, or lacks in total clarity. Rather, it is an indeterminacy of an essential element making arbitrary enforcement likely due to its complete absence. *See FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012) (noting that a law "is not vague because it may at times be difficult to prove an incriminating fact" rather, unconstitutional vagueness arises when "it is unclear as to what fact must be proved"); *United States v. Williams*, 553 U.S. 285, 306 (2008) ("What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is."); *Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971) (holding that a statute not providing fair notice of forbidden conduct is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all").

Here, Plaintiffs engage in speculation about possible inconsistent application of the standards. Their supposition about "what if products denied through the Department's Portal are lawful under the Department's regulations, or the actual face of the statute?" is a matter of the proper application of state law by a state agency. [ECF No. 44 at 2]. It does not support a federal due process violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding the Due Process Clause is not implicated by a negligent act by a government official). In summary, the adoption of the Final Rules pertaining to serving size as set forth under the Hemp Amendments ends the inquiry into a due process claim based on unconstitutional vagueness. Accordingly, Plaintiffs have not established they are more likely than not to succeed on their claim and a preliminary injunction on that basis is unwarranted.

III.   CONCLUSION

For the reasons discussed above, Plaintiffs' Motion for a Preliminary Injunction is DENIED. [ECF No. 26].

IT IS SO ORDERED.

Dated this 25th day of July, 2024.

STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT